# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Nancy Allen,

     Petitioner

v.

Carissa Currier,

    Respondent

Case No: 2:23-cv-00352-JAD-EJY

**Order Dismissing Petition for Habeas Corpus under 28 U.S.C. § 2241 without Prejudice and Closing Case**

[ECF No. 1]

Petitioner Nancy Allen has commenced this action by paying the filing fee[1] and filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241[2] on behalf of her son, Derrick B. Allen, who is incarcerated at Southern Desert Correctional Center.  Having conducted the required initial review under the Habeas Rules,[3] I find that this action was improperly commenced, so I dismiss it without prejudice and close this case.

## Background[4]

Petitioner Nancy Allen states that she is challenging case number 21CRH001452, which is her son's case from the Henderson Justice Court.[5]  In that justice-court matter, a complaint

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[4] The procedural history in this section is derived from Petitioner Nancy Allen's allegations as well as Derrick Allen's criminal matters in the Henderson Justice Court, Eighth Judicial District Court, and Nevada appellate courts.  These docket records may be accessed at: https://cvpublicaccess.clarkcountynv.gov/eservices/home.page.9, https://www.clarkcountycourts.us/Anonymous/default.aspx, and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.  I take judicial notice of these online docket records.

[5] ECF No. 1 at 2.

was filed, charging Derrick Allen with evading, eluding, or failing to stop on the signal of a police officer.  On May 9, 2022, Derrick Allen waived his preliminary hearing, and the justice court bound him over to the Eighth Judicial District Court.  The next day, an information was filed in the Eighth Judicial District Court in case number C-22-364703-1.  Derrick Allen entered a guilty plea, and a judgment of conviction was entered on May 25, 2022.  Derrick Allen appealed, and the Nevada Supreme Court dismissed that appeal on August 4, 2022, as untimely. It does not appear that Derrick Allen has filed a state post-conviction petition.

### Discussion

There are three problems with this action that require its dismissal.  Derrick Allen is a prisoner in the custody of the Nevada Department of Corrections and is currently housed at Southern Desert Correctional Center.  Because Derrick Allen is in custody under a state-court judgment of conviction, the only proper basis for his claims is 28 U.S.C. § 2254, but his mother filed this petition under § 224*1*.[6]  So the petition is not on the appropriate form.  That's the first defect.

The second deficiency is that the record lacks the necessary information to permit Nancy Allen to pursue habeas relief on behalf of her son.  Nancy Allen lists herself as the petitioner and it was Nancy who signed and verified the petition.[7]  Although 28 U.S.C. § 2242 recognizes the right of one person to sue for habeas corpus to secure the release of another person, "that right exists only when the application or complaint for the writ sets forth some reason or explanation satisfactory to the court showing why the detained person does not sign and verify the

---

[6] *See White v. Lambert*, 370 F.3d 1002, 1005–07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc).

[7] ECF No. 1 at 1, 8.

complaint."[8]  Petitioner Nancy Allen does not explain why she signed and filed the petition on her son's behalf.  Nor does she indicate whether her son is even aware that she filed the petition on his behalf.

The third defect in this filing is that the petition also does not name the proper respondent.  Rule 2(a) of the Habeas Rules states that "the petitioner must name as respondent the state officer who has custody."  Allen named Carissa Currier as the respondent, rather than Gabriela Najera, who is the warden of the Southern Desert Correctional Center and thus the right respondent.

**Conclusion**

Because all of these commencement defects dictate dismissal, IT IS ORDERED that Petitioner Nancy Allen's petition for writ of habeas corpus under 28 U.S.C. § 2241 [ECF No. 1] **is DISMISSED without prejudice** as improperly commenced.  Petitioner is denied a certificate of appealability, as jurists of reason would not find dismissal to be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **ADD** Nevada Attorney General Aaron D. Ford as counsel for respondents;

- Direct informal electronic service upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by **SENDING** a notice of electronic filing to respondents' counsel of the petition [ECF No. 1] and this order.  No response is required from respondents other than to respond to any orders of a reviewing court;

---

[8] *Wilson v. Dixon*, 256 F.2d 536, 537–38 (9th Cir. 1958).

- **ENTER** FINAL JUDGMENT dismissing this action without prejudice; and

- **CLOSE** THIS CASE.

Dated: March 8, 2023

_____

U.S. District Judge Jennifer A. Dorsey